[Crim. No. 16777. In Bank. May 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD ADRIAN BONNEVILLE, Defendant and Appellant.

COUNSEL

Roger L. Gambatese, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, James D. Garbolino, Arnold O. Overoye, A. Wells Petersen and Rick McClendon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MOSK, J.—This is a companion case to *People* v. *Burnick, ante,* page 306 [121 Cal.Rptr. 488, 535 P.2d 352], and *People* v. *Feagley, ante,* page 338 [121 Cal.Rptr. 509, 535 P.2d 373].

Following his conviction of violating Penal Code section 647a (annoying or molesting a person under the age of 18), proceedings were instituted to determine if defendant Bonneville was a mentally disordered sex offender. (Welf. & Inst. Code, § 6300 et seq.) The court found he was such an offender but was not amenable to treatment in a state hospital. At an ensuing jury trial Bonneville was found to be a mentally disordered sex offender by a preponderance of the evidence and a 10-to-2 vote. The court thereupon committed him for an indefinite period to the Department of Mental Hygiene for confinement in an "institutional unit" under the jurisdiction of the Department of Corrections pursuant to Welfare and Institutions Code sections 6316 and 6326,

and directed that he be delivered initially into the custody of the superintendent of the California Medical Facility at Vacaville. ▮ ▮▮▮He appeals from that order. (Pen. Code, § 1237, subd. 1.)[1]

▮ Through his counsel Bonneville contends he was denied due process and equal protection of the laws in that the jury was permitted to find him to be a mentally disordered sex offender by a mere preponderance of the evidence and by a less than unanimous verdict. These same contentions are raised in the *Burnick* and *Feagley* cases, and for the reasons there explained they are meritorious.

In the circumstances we need not reach certain contentions raised by Bonneville in propria persona.

The order appealed from is reversed.

Wright, C. J., Tobriner, J., and Sullivan, J., concurred.

**BURKE, J.***—I dissent. For the reasons set forth in my dissenting opinions in *People* v. *Burnick, ante,* page 306, [121 Cal.Rptr. 488, 535 P.2d 352], and *People* v. *Feagley, ante,* page 338 [121 Cal.Rptr. 509, 535 P.2d 373], the order of commitment should be affirmed.

---

[1]Bonneville was subsequently returned to court on a certification that he was no longer a danger to the health and safety of others. The court placed him on probation and ordered his release. For the reasons stated in *People* v. *Feagley, supra, ante,* pages 344-345, the case is not moot.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.